# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| LEONARDO ECHEVARRIA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )    No. 1:22-cv-01053-SHM-tmp |
| | ) |
| JOHN MEHR, ET AL., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

## ORDER MODIFYING THE DOCKET;
## DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
## AND GRANTING LEAVE TO AMEND

On March 18, 2022, Plaintiff Leonardo Echevarria filed (1) a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and (2) a motion for leave to proceed *in forma pauperis* (ECF No. 2).  When Echevarria filed the complaint, he was confined at the Madison County Jail (the "MCJ"), in Jackson, Tennessee.  (ECF No. 1 at PageID 2.)  On March 28, 2022, the Court ordered Echevarria to comply with § 1915(a)-(b) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA") and either pay the full filing fee or submit a completed *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the last six months immediately preceding the filing of the complaint to take advantage of installment payment procedures.  (ECF No. 4.)  On April 28, 2022, Echevarria paid the full case initiation fee of $402.00.  (ECF No. 5.)

The complaint (ECF No. 1) is before the Court.

Echevarria alleges claims of: (1) unconstitutional conditions of confinement arising from double celling inmates, deprivation of hot water for more than one (1) week, "building unfit[] for

human habitation", and unsanitary food service; (2) failure to protect; (3) deprivation of medical care; and (4) deprivation of recreation. (*Id*. at PageID 2.) Echevarria does not identify the dates of the events and conditions alleged in the complaint. (*See id*.) Echevarria sues two (2) defendants as "Madison County government official[s]": (1) Sheriff John Mehr; and (2) Mayor Scott Conger. (*Id*.) Echevarria seeks: (1) one hundred sixty thousand dollars ($160,000.00) as compensation; and (2) injunctive relief to "stop cruel and unusual punishment", black mold, and overcrowding. (*Id*. at PageID 3.)

The Clerk is DIRECTED to modify the docket to: (1) remove "Madison County Government Official" as a Defendant[1]; (2) add Madison County, Tennessee (the "County") as a Defendant; and (3) add the City of Jackson, Tennessee (the "City") as a Defendant.

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and (2) leave to amend is GRANTED.

**I.    LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

---

[1] Echevarria sues (1) Madison County Sheriff John Mehr and (2) City of Jackson Mayor Scott Conger. (*See* ECF No. 1 at PageID 1.) The Clerk has inadvertently docketed "Madison County Government Official", a phrase Echevarria uses to describe the employment positions of Mehr and Conger (*see id*. at PageID 1-2), as a third Defendant.

2

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

II.   **ANALYSIS**

Echevarria does not allege whether he sues Mehr and Conger in their official or individual capacities.  (*See* ECF No. 1.)  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials."  *Wells*, 891 F.2d at 592.  "Absent a specification of

capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Echevarria's claims against Mehr and Conger as official capacity claims.

Echevarria's official capacity claims against Mehr are treated as claims against Mehr's employer at the time the complaint was filed — *i.e.*, the County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Echevarria's official capacity claims against Conger are treated as claims against Conger's employer at the time the complaint was filed – *i.e.*, the City.

The County may be held liable only if Echevarria's injuries were sustained pursuant to an unconstitutional custom or policy of the County. The City may be held liable only if Echevarria's injuries were sustained pursuant to an unconstitutional custom or policy of the City. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Echevarria does not allege that he has been deprived of a constitutional right because of a policy or custom of the County or the City. Echevarria's allegations are based on his particular experience of unconstitutional conditions of confinement, failure to protect, deprivation of medical care, and deprivation of recreation at the MCJ. (ECF No. 1 at PageID 2.) Echevarria does not

4

state a claim to relief against the County, the City, or Mehr and Conger in their official capacities because Echevarria fails to allege facts demonstrating any official policy or custom of the County or the City, much less an unconstitutional policy that injured Echevarria.

Echevarria's claims against the County, the City, and Mehr and Conger in their official capacities are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating claims to relief.

### III.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the complaint under the conditions set forth below.

### IV.   CONCLUSION

For the reasons set forth above:

      A.      The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to allege facts stating a claim to relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); and

      B.      Leave to amend the complaint is GRANTED.  Amended claims must be filed within twenty-one (21) days of the date of this Order.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Echevarria's claims.  An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings.  Echevarria or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.

If Echevarria fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment.  For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).

IT IS SO ORDERED, this 23rd day of February, 2024.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE